IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KATIE M. KONONEN,                                  Case No. 6:21-cv-00171-AA
                                                   **OPINION AND ORDER**

            Plaintiff,

    vs.

OREGON HEALTH AUTHORITY;
CAPITAL DENTAL INSURANCE;
CAPITOL DENTAL CARE INC.,

            Defendants.

_____

AIKEN, District Judge:

        Plaintiff Katie M. Kononen seeks leave to proceed *in forma pauperis* ("IFP") in

this action.   Doc. 2.   For the reasons set forth below, the Complaint (doc. 1) is

DISMISSED with leave to amend.   The Court will defer ruling on plaintiff's IFP

application pending submission of an amended complaint.

//

//

Page 1 – OPINION AND ORDER

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With respect to the second determination, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged.  The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  The court is not required to accept legal conclusions, unsupported by alleged facts, as true.  *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment.  *Id.*

## DISCUSSION

Plaintiff brings this action against the Oregon Health Authority, Capital Dental Insurance, and Capitol Dental Inc.  She appears to complain about two medical issues.  First, she alleges that dental work performed by several dentists, including Dr. Ronald Wilson and Dr. Johansen, resulted in more dental issues and pain that will cost at least $10,000 to fix.  She alleges that her insurance, which she receives through the Oregon Health Plan, will not cover that expense.  Second, she alleges that, in 2003, Dr. Wolf performed a tubal ligation on her without her consent and that, after the surgery, she began having migraines and stomach issues.

For the dental issues, plaintiff appears to seek injunctive relief and damages. Under the "Relief" section of the Complaint, she states "I want my teeth fixed and i

feel i'm entitle to compensation for pain and emotinal distress." Compl. at 4. The Complaint does not mention any relief related to plaintiff's tubal ligation, but in an attachment to the Complaint, plaintiff states "I was hoping you could help get the insurance company to reverse the tying of the tubes." Doc. 1, Ex. 2 at 1.

There are several issues with plaintiff's Complaint, as currently pleaded. The first and most serious is jurisdictional. Federal courts are courts of limited jurisdiction, "possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks and citation omitted). Federal subject matter jurisdiction may be based upon the presence of a federal question or on diversity of citizenship. 28 U.S.C. §§ 1331, 1332. To invoke federal question jurisdiction, a plaintiff must plead that the defendant has violated some constitutional or statutory provision. To establish diversity jurisdiction, a plaintiff must allege that he or she is a citizen of one state, that all of the defendants are citizens of other states, and that the damages are more than $75,000. An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

In this case, plaintiff asserts federal question jurisdiction based on 10 U.S.C. § 2733(a). Compl. at 3. That provision is not applicable to this case. It allows "the Judge Advocate General of an armed force . . . or the chief Counsel of the Coast Guard" or their designee to "settle . . . a claim against the United States for"

damage to or loss of property caused by the armed forces under certain circumstances and for personal injury or death "caused by a civilian officer or employee . . . or a member of the Army, Navy, Air Force, Marine Corps, or Coast guard . . . acting within the scope of [their] employment, or otherwise incident to noncombat activities of that department, or the Coast Guard." 10 U.S.C. § 2733(a). Plaintiffs claims here are not "against the United States" or for damage or injury caused by a branch of the armed forces or Coast Guard or their members. Instead, they relate to conduct by private health professionals. Without federal actors or some federal law on which the claims could be based, the allegations in the Complaint suggest plaintiff seeks to assert state malpractice claims against these doctors. Although federal courts may exercise diversity jurisdiction over state law tort claims, plaintiff's filings indicate that all parties are citizens of Oregon. Plaintiff cannot, therefore, establish diversity jurisdiction, and this case must be dismissed.

Additionally, defendant Oregon Health Authority may be immune from suit. The Eleventh Amendment provides that a state is immune from suit in federal court unless Congress has abrogated the state's immunity by appropriate federal legislation or the state itself has waived it. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253–54 (2011). This grant of immunity covers not just the state itself, but also the state's agencies. *P. R. Aqueduct & Sewer Auth. v. Metcalf*, 506 U.S. 139, 144 (1993). The Complaint does not assert any federal statutes abrogating Oregon's sovereign immunity, nor has the state waived its immunity.

Plaintiff's Complaint also lacks sufficient factual allegations for the Court to understand plaintiff's claim in anything but the most general terms. For example, it is clear that plaintiff wants to be paid for the physical and mental pain she experienced as a result of the dental procedures. But the Complaint does not specify who plaintiff seeks payment from or why should be required to pay. Similarly, the Complaint does not state why plaintiff's insurance company is legally required to pay the $10,000 to fix plaintiff's teeth, whether Dr. Johansen was paid through plaintiff's dental insurance, or when any of the dental procedures took place. Plaintiff also wants to address her tubal ligation surgery, but does not explain what she wants to Court to do. Additionally, the doctor who performed the surgery is not a defendant in this action and plaintiff does not allege any connection between the named defendants, Oregon Health Authority, Capital Dental Insurance, and Capitol Dental Inc., and that surgery. Without that information, the Court will have trouble evaluating plaintiff's claims.

Accordingly, the Complaint is DISMISSED with leave to amend. In drafting her amended complaint, plaintiff should bear in mind that the Court does not know anything about the facts of her case, other than what she includes in her pleadings.

## CONCLUSION

For the reasons set forth above, the Complaint (doc. 1) is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended Complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal. The Court defers

ruling on plaintiff's IFP application (doc. 2) until plaintiff files an amended complaint

or the time for doing so has expired.

IT IS SO ORDERED.

Dated this  9th  day of February 2021.


                        /s/Ann Aiken
        _____

                      Ann Aiken
              United States District Judge