IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KATIE M. KONONEN,

    Plaintiff,

vs.

OREGON HEALTH AUTHORITY;
CAPITAL DENTAL INSURANCE;
CAPITOL DENTAL CARE INC.,

    Defendants.

Case No. 6:21-cv-00171-AA

**OPINION AND ORDER**

AIKEN, District Judge:

On April 8, 2021, I dismissed the Amended Complaint (doc. 14) for lack of subject matter jurisdiction and denied plaintiff Katie Kononen's Application to Proceed in forma pauperis (doc. 2) pursuant to 28 U.S.C. § 1915(e)(2)(B). Doc. 15. As a result, the case was dismissed. Doc. 16.

On April 16, 2021, plaintiff filed a letter, asking to "be assigned a pro bono attorney to pursue this case" and that she "believe[s] [she] need[s] legal assistance to

Page 1 – OPINION AND ORDER

pursue an appeal." Doc. 17. She asserts that she has "not understood what [the Court is] asking for in [the Court's] most recent letter about amending" and explained that she has reading and writing disabilities. *Id.*

I have construed plaintiff's letter as a Motion for Appointment of Counsel. As an initial matter, this Motion is not properly before the Court. As mentioned, I dismissed the Amended Complaint and this action on April 8, 2021. Copies of the Opinion and Order and Judgment were mailed to plaintiff that same day. If plaintiff would like to appeal from the judgment, she can find information about how to file an appeal to the Ninth Circuit in the District of Oregon's "Handbook for Self-Represented Parties" which is available on the District of Oregon's public website at: https://www.ord.uscourts.gov/index.php/2015-02-10-16-10-22/information-about-representing-yourself. If plaintiff would like a pro bono attorney on appeal, she should direct her request to the Ninth Circuit.

Additionally, even if the motion were properly before the Court, I would deny it. There is no constitutional right to counsel in civil cases. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *United States v. 30.64 Acres*, 785 F.2d 786, 801 (9th Cir. 1986). Courts are empowered, however, to seek volunteer *pro bono* counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) in "exceptional circumstances." *Palmer*, 560 F.3d at 969. I cannot find exceptional circumstances here, especially given that I have twice determined that the Court lacks jurisdiction over plaintiff's claims. Docs. 7, 15. Without jurisdiction, this Court cannot hear or decide plaintiff's case.

I also acknowledges the "problems with letters arriving from the Court that give [plaintiff] a deadline that has already past by the time [she] receive[s] them." Doc. 17. Throughout this action, I have accommodated plaintiff's delays in filing, issuing orders reminding her of deadlines, doc. 8, and show cause orders giving plaintiff more time to file a proper amended complaint when she failed to file a complaint on time, docs. 10, 11. As my April 8, 2021, Opinion and Order (doc. 15) indicates, I dismissed this action based on plaintiff's repeated failure to allege subject matter jurisdiction, not on her failure to meet any deadline.

Finally, plaintiff also asked me to "call [her] so [she could] understand." Doc. 17. But doing so would be inappropriate and is prohibited by the Code of Conduct for United States Judges, which does not permit me to communicate with one party about a case outside the presence of the other parties to the case.

In sum, plaintiff's Motion (doc. 17) is DENIED. Again, if plaintiff would like to appeal this case to the Ninth Circuit, she can find information about how to file an appeal in the District Court's "Handbook for Self-Represented Parties." Once she appeals, she may ask the Ninth Circuit to appoint her a pro bono attorney.

IT IS SO ORDERED.

Dated this  22nd day of April 2021.


                    /s/Ann Aiken

                Ann Aiken
       United States District Judge