UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CASE NO.: 6:21-cv-00171-AA

KATIE KONONEN, ET AL

PLAINTIFF

V

Oregon health Authority et al

Dear Honorable Judge Mustafa T. Kasubhai,

Add Document

Sincerely,

Katie M Kononen,

Dear honorable Judge Mustafa T. Kasubhai

I am writing to you because of one my cases. I sent it to Ann Aiken, as a native american ,I feel my rights were violated by my primary doctor Dr. Eugene Yamaguchi and Dr. Gordon Wolf. My boyfriend of 7 years is from Navajo nation utah,we wanted to share a baby together to show are love for each other. But couldn't because Dr. Eugene Yamaguchi and Dr. Gordon Wolf had a agreement to tied my tubes without my consent. We thought the State would help fix this problem, because i wasn't aware of it for two and a half years later and trying to get it fix, they didn't. We also thought the state of Oregon might adadt to utah law common law. I know Emmanuel Beletso was devastated and hurt to learn we can't get no help about the baby.oshu said it could be fix, but they laughed about it and wanted us to pay for the surgery and then the doctors at OSHU told my boyfriend and I that the doctors tying my tubes without my consent was okay and they didn't do anything wrong.

Katie Kononen

*Kate Kononen*

# Disability Rights Oregon

From: Crites, Anne (anne.crites@thementornetwork.com)

To:      lmoustafa@disabilityrightsoregon.org

Cc:      kononenk@yahoo.com

Date: Monday, March 15, 2010, 11:28 AM PDT

Hey Lisa,

I emailed you a couple of weeks ago regarding one of my customers and I met with her on Friday and we answered these questions together. I would like you to email her as well as myself. Thanks for your help.

First Name: Katie
Last Name: Kononen
What is your disability: Mild MR/Cerebral Palsy
Phone Number: 503.371.0617
E-mail: kononenk@yahoo.com
Street Address: 1310 Orchard Hts Rd NW
         Salem, OR 97304
The issue is regarding Dr. Gordon Wolf/Northbank Surgical Center 700 Bellevue Street SE Salem, OR 97301 503.364.3704

Katie's primary doctor, Dr. Yamaguchi, suggested that Katie have a birth control procedure done and therefore referred her to Dr. Gordon Wolf. She requested to have her fallopian tubes clipped so if she decided she wanted to have more children, she could have this procedure reversed. Dr. Wolf agreed to put the clips on at the pre-surgery appointment. Instead of putting the tubes on, Dr Wolf preformed a tubal ligation, making it permanent so Katie cannot have anymore children. Katie has tons of documentation on this and would like to know if she has any legal standing. The operation was done 10 years ago and the doctor has since passed away as well.

Do you think you could help us with this? Thank you for your time.

Anne Crites
Personal Agent
Mentor Oregon Mid Valley Brokerage

4263 Commercial Street S Suite 100
Salem, OR 97302
503.363.8588 ext. 22
503.363.9606 Fax

Notice: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful. If you have received this electronic transmission in error, please reply immediately to the sender that you have received the message in error, and delete it. Thank you.

Katie Kononen

1310 NW Orchard Heights

Salem, OR 97304

September 24, 2021

I am writing regarding my involuntary Tubal Ligation in 2003, which violated my Civil Rights under Oregon and United States laws due to the rules not being followed. The first section below includes quotes from the Disability Rights of Oregon's handbook, entitled "Sterilization of Individuals: A Handbook for Parents, Guardians and Advocates". I have a Learning Disability which qualifies me for services for Developmentally Disabled.

The Tubal Ligation that Dr. Wolf performed on me under the orders of my primary physician, Dr. Yamaguchi in 2003, were in direct contradiction to Oregon Law 436.205 under items 1) c and d.
c. A Tubal ligation was not the least drastic alternative. I had requested a Tubal clip which entails blocking the Fallopian tubes with clips and this was not unworkable. I believed this was the procedure I would be having. Instead my Fallopian tubes were sealed.

See 1d. Tubal ligation was not the least intrusive method available or the most appropriate.

In June of 2003 a Tubal ligation was performed on my body without my consent. I had requested a tubal clip for birth control. My primary physician, Dr. Yamaguchi and I discussed and agreed on the method of tubal clip since it could be reversed if I wanted to have children in the future. Also this method also did not conflict with my religious beliefs. I was raised as a catholic. At this time Dr. Yamaguchi confirmed with me that my race is Native American. He was previously informed that I had a Learning Disability and a diagnosis of Post Traumatic Stress Disorder from childhood abuse. On the day of the surgery, I changed my mind, before the anesthesiologist administered

the anesthesia. I informed Dr. Wolf, the surgeon, that I did not want to continue with having the tubal clip procedure. He dismissed my expressed request to stop the procedure, ordering the anesthesiologist to give me the medication for making me unconscious. Then he performed not only a procedure that I decided not to do but one that resulted in sterilization. Later, when I asked for a copy of my medical records, I found that Dr. Yamaguchi had written an order for Tubal ligation instead of the tubal clip. This has been very disturbing to me. This surgery not only goes against my religious beliefs, but it caused me to experience extreme depression. I experienced a sense of loss and damage to my identity as a female. I began staying in bed, not getting dressed and talking very little to my family.

I had to have psychiatric appointments and was referred to a psychiatrist, Dr. Arnold, at Polk County Mental Health, who prescribed antidepressant medications for me. Shortly after this surgery I also began to experience severe abdominal pain and migraine headaches which continue to this day. The inability to have children has been harmful to my most recent relationship which was ended as a result.

I was considered competent to give consent in this matter. At no time was a petition filed in state court asking for a determination of my ability to consent. I have always handled my own health and business issues.

I asked the court for monetarily compensation to cover the cost of a reversal of the tubal ligation if possible and for the physical pain and emotional suffering I have experienced due to this involuntary procedure. I made an appeal in 2005 to the Oregon Health Authority regarding this issue and they denied my appeal.

This section below includes quotes from the Disability Rights of Oregon's handbook, entitled "Sterilization of Individuals: A Handbook for Parents, Guardians and Advocates". I have a Learning Disability which qualifies me for services for Developmentally Disabled.

"In 1983, Oregon lawmakers set up a court procedure for deciding whether individuals are able to make their own sterilization decisions, and, if not, whether sterilization is the right thing to do."

"The right to produce children is protected by the United States Constitution. This right may not

be taken away."

"An individual must agree to give up the right to produce children and must be able to do so knowingly, voluntarily and intelligently. This is called informed consent."

Knowingly means that the individual has been given all the information necessary to make an informed decision. A physician has the responsibility to inform the individual of the following, orally:

Advise that withholding or withdrawing consent before sterilization will not affect future care and treatment rights

Provide information about family planning and birth control methods

Advise that sterilization is considered to be irreversible

Explain, in detail, the specific sterilization method to be used

Go over the discomforts and risks involved, including the type and possible effects of anesthetics

Review the possible benefits or advantages

The tubal ligation performed on me was not by informed consent. The sterilization method was not explained in detail and I would never have agreed to this if it had been explained. I asked for the tubal clip, which is reversible and believed that this was to be the procedure.

Below is an excerpt from Oregon Law:

436.205 Definitions. As used in this chapter unless the context requires otherwise:

(1) "Best interest" means that:

(a) The individual is physically capable of procreating;

(b) The individual is likely to engage in sexual activity at the present or in the near future under circumstances likely to result in pregnancy;

(c) All less drastic alternative contraceptive methods, including supervision, education and training, have proved unworkable or inapplicable, or are medically contraindicated;

(d) The proposed method of sterilization conforms with standard medical practice, is the least intrusive method available and appropriate, and can be carried out without unreasonable risk to the life and health of the individual; and

(e) The nature and extent of the individual's disability, as determined by empirical evidence and not solely on the basis of standardized tests, renders the individual permanently incapable of caring for and raising a child, even with reasonable assistance.

(2) "Informed consent" means consent given by an individual 15 years of age or older for sterilization that is:

(a) Based upon a full understanding of the nature and consequences of sterilization pursuant to information requirements set forth in ORS 436.225 (1);

(b) Given by an individual competent to make such a decision; and

(c) Wholly voluntary and free from coercion, express or implied.

(3) "Respondent" is the individual for whom sterilization is sought and is the subject of a petition pursuant to this chapter.

(4) "Sterilization" means any medical procedure, treatment or operation for the purpose of rendering an individual permanently incapable of procreating. [1983 c.460 §3; 1991 c.67 §116]

I was considered competent to give consent in this matter. At no time was a petition filed in state court asking for a determination of my ability to consent. I have always handled my own health and business issues.

I asked the court for monetarily compensation to cover the cost of a reversal of the tubal ligation if possible and for the physical pain and emotional suffering I have experienced due to this involuntary procedure. I made an appeal in 2005 to the Oregon Health Authority regarding this issue and they denied my appeal.

Katie Kononen

*Katie Kononen*

ph 971-283-8888

This information was provided to me to record in the above letter.

A family friend and retired LCSW